IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY L. NORMORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-2506-N |
| | § | |
| DALLAS INDEPENDENT SCHOOL DISTRICT; AND DWAIN SIMMONS, | § § § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendants Dwain Simmons and Dallas Independent School District's ("DISD") motions to dismiss [13] [14]. For the reasons stated below, the Court denies Simmons' motion entirely, but grants DISD's motion in part.

## I. ORIGINS OF THE DISPUTE

Terry Normore used to teach English at DISD's L.G. Pinkston High School ("Pinkston"). She is 57 years old. In addition to teaching English, Normore was heavily involved in Pinkston's female athletics program. She coached girls basketball, girls track and field, and served as the school's Assistant Athletic Director.

During her tenure, Normore believed that the facilities for female athletes at Pinkston were inferior to those Pinkston provided for males and that DISD provided to other schools. In 2011, she began having conversations with other Pinkston and DISD officials about the disparity. She claims these discussions were not fruitful. She nevertheless continued her efforts with Simmons when he was named Principal at Pinkston in 2014.

ORDER – PAGE 1

Normore claims, however, that Simmons was particularly unreceptive towards her complaints and funding requests. She claims that he treated her more unfairly than he did her male colleagues in a number of ways. Tension between the two reached a boiling point in April 2016. Normore requested funding for gym equipment intended for female athletes, and asked permission to turn an unused room into a makeshift female workout facility. She claims that Derwin Dukes, Pinkston's Athletic Director at the time, gave her permission to take over the unused room. Normore then began preparing the space by painting the room.

Simmons claims he was unaware of Normore's intentions to paint the room. When he found out the next day, he informed Normore over email that she had violated policy by not requesting his permission and removed her from her position as Assistant Athletic Director.

In July, Normore filed an original grievance against Simmons, claiming that the removal was discriminatory and retaliatory. She amended the grievance in August to add various Title IX allegations. In September, DISD began investigating the claim, ultimately exonerating Simmons. In response, Normore filed a complaint with the Office of Civil Rights in December. Her complaint was quickly referred to the Equal Employment Opportunity Commission ("EEOC").

While the EEOC investigated her claim, Normore attended Pinkston's athletic banquet in May 2017. Defendants claim that Normore and Dukes got into an argument at the banquet that ended with Normore punching Dukes in the chest. After Dukes reported the incident, DISD placed Normore on leave and instructed Simmons to investigate the allegation. Simmons concluded that the allegations were credible, and recommended that Normore be

ORDER – PAGE 2

terminated. Normore appealed the recommendation, but the Texas Commission of Education upheld the decision.

Normore then filed suit in this Court. She raises the following individual claims against DISD: (1) hostile work environment and retaliation claims under Title IX, (2) sex-based discrimination and retaliation, and hostile work environment claims under Tile VII, (3) age-based discrimination and retaliation, and hostile work environment claims under the Age Discrimination Employment Act ("ADEA"), and (4) a civil rights claim under 42 U.S.C. §1983. She also raises First and Fourteenth Amendment claims against Simmons directly, and a class action ADEA claim against DISD. Simmons and DISD now move to dismiss these claims under Federal Rule of Procedure 12(b)(6).

## II. LEGAL STANDARD ON MOTION TO DISMISS

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must

provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III. THE COURT DENIES SIMMONS' MOTION

Simmons argues that Normore's claims fail for four reasons: (1) her claims against Simmons are redundant of her claims against DISD; (2) Simmons is protected by qualified immunity; (3) her claims are time-barred; and (4) Normore generally fails to state a plausible claim. The Court disagrees with all four arguments.

Primarily, the Court holds that Normore's claims against Simmons are not redundant. Section 1983 claims may be brought against persons in either their individual or official capacity. *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009). Official capacity suits are "in all respects other than name, to be treated as suit[s] against the entity . . . ." *Id.* Thus, if Normore were suing Simmons in his official capacity, her claims would be redundant of her claims against DISD. But that is not the case. "In a personal-capacity suit, 'it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.'" *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). That is precisely what Normore attempts to show. She alleges that Simmons acted in ways that violated her equal protection, due process, and first amendment rights in his individual capacity. Resp. of Terry

L. Normore to Dwain Simmons's Mot. to Dismiss; or in the Alternative, Mot. for Leave to Amend, 17-22 [22]. Accordingly, the Court holds that Normore's claims against Simmons are not redundant of her claims against DISD.

Second, the Court holds that Simmons' qualified immunity defense is improperly raised. Qualified immunity must be raised by filing an answer. *Shultea v. Wood*, 47 F.3d 1427, 1431-34 (5th Cir. 1995) (en banc). If Simmons wishes to assert a qualified immunity defense, he must do so by filing an answer so that Normore can reply to that defense under Federal Rule of Civil Procedure 7(a). Accordingly, the Court dismisses Simmons' qualified immunity defense without prejudice.

The Court also disagrees with Simmons' limitations argument. Simmons argues that all of Normore's claims that relate to conduct occurring before September 21, 2016 are time-barred. Notably, this includes claims relating to her demotion. For a limitations argument to support dismissal under Rule 12(b)(6), it must be "evident from the plaintiff's pleadings that the action is barred . . . ." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Normore alleges that even if some of her claims accrued before September 21, 2016, the limitations period was tolled under the continuing violations doctrine. This doctrine allows a plaintiff to complain of otherwise time-barred discriminatory acts if it can be shown that the discrimination manifested itself over time rather than in a series of discrete acts. *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003). Normore claims that Simmons continually treated her differently and less favorably than her male counterparts throughout

their time together at Pinkston. In some ways, her theory is that the demotion was merely the climax of a story of disparate treatment by Simmons that began with his hire. The Court holds that, at the Rule 12(b)(6) stage, this allegation is plausible enough to defeat the limitations argument; indeed, it is not evident from the face of the pleadings that the limitations period was not tolled.

Lastly, the Court holds that Normore makes out plausible First and Fourteenth Amendment claims against Simmons. The Rule 12(b)(6) standard can, in some ways, be summarized as simply giving the plaintiff the benefit of the doubt. While there do appear to be some holes in Normore's allegations, the Court does not view her claims to be wholly implausible. Taking what she has alleged to be true, she makes a plausible claim that Simmons violated her First and Fourteenth Amendment rights. Thus, the Court denies Simmons' motion in its entirety.

### IV. THE COURT GRANTS DISD'S MOTION IN PART

The Court grants DISD's motion to dismiss in part. First, the Court dismisses Normore's Title IX hostile work claim with prejudice. The Fifth Circuit has explicitly held that Title VII is the exclusive remedial scheme for employment discrimination claims, including hostile work environment claims. *Lakoski v. James*, 66 F.3d 751, 754 (5th Cir. 1995). Thus, the Court holds that Normore's Title IX hostile work environment claim is preempted by Title VII, and dismisses the claim with prejudice.

Second, the Court dismisses all of Normore's claims against DISD that relate to employment decisions other than her termination. Unexhausted claims may not be pursued in federal court. *Pancheo v. Mineta*, 448 F.3d 783, 791-92 (5th Cir. 2006). Claims are exhausted if they "could reasonably be expected to grow out of the charge of discrimination." *Id.* at 789. Only claims relating to Normore's termination could be expected to grow out of her charge with the EEOC. The only adverse employment action listed on the charge is her termination. At no point does her description in the charge suggest there were other adverse actions, or that her claims are collective in nature. Thus, Normore exhausted only claims for sex or age based discrimination or retaliatory discharge. Everything else — including her class claims — are unexhausted and dismissed with prejudice.

The Court holds that, at this stage, Normore's remaining discrimination claims are plausible. Thus, while the Court dismisses Normore's Title IX hostile work environment and non-termination based Title VII and ADEA claims, her remaining claims may proceed.

## Conclusion

For the reasons stated above, the Court denies Simmons' motion in its entirety, and grants DISD's motion in part. The Court dismisses Normore's Title IX hostile work environment claim against DISD with prejudice. The Court also dismisses with prejudice Normore's Title VII and ADEA claims against DISD that are not based on her termination. This includes Normore's class action claims. Normore's remaining claims against DISD may proceed.

Signed May 21, 2019.

                                          David C. Godbey
                                     United States District Judge